General Electric Company, Appellant, *v.* Unemployment Compensation Board of Review.

Howard Unemployment Compensation Case.

Argued April 24, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*A. Grant Walker*, with him *Gifford, Graham, MacDonald & Illig*, for appellant.

*Roland M. Morgan*, with him *Charles R. Davis*, Special Deputy Attorney General, *T. McKeen Chidsey*, Attorney General and *R. Carlyle Fee*, Assistant Special Deputy Attorney General, for appellee.

OPINION BY ROSS, J., July 17, 1947:

This is an appeal by the employer from the decision of the Unemployment Compensation Board of Review. The bureau determined that the claimant was ineligible for compensation and upon appeal the referee, after hearing, upheld the determination of the bureau and denied benefits. However, the board reversed the referee and allowed the claim.

The Act of May 29, 1945, No. 408, section 9, 43 PS section 802 amends section 402 of the Unemployment Compensation Law by adding a clause, and the section now reads: "An employe shall be ineligible for compensation for any week . . . (e) In which his unemployment is due to his discharge or temporary suspension from work for wilful misconduct connected with his work". Harry Howard, the claimant, was discharged

by the General Electric Company, appellant, on charges that he was guilty of drinking intoxicants and of other disorderly conduct while on his job as night watchman. The issue before the Unemployment Compensation authorities was: "Is the claimant's unemployment due to discharge or temporary suspension from work for wilful misconduct connected with his work within the meaning of Section 402 (e) of the Law?" The board resolved this issue against the employer and it has taken this appeal.

As stated by Judge RENO in his able and comprehensive opinion in *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898, at pp. 560-62, "Presumably, an unemployed worker in a covered employment is entitled to benefits, and loses them only when he falls under the condemnation of a disqualifying provision of the act, fairly, liberally and broadly interpreted. . . . And following familiar principles, upon an appeal to us, a claimant, whose claim has been sustained by the board, is entitled to the benefit of all the evidence in his favor and the reasonable inferences that may be drawn from it."

Before the referee and the board, the employer in support of its charges relied entirely upon hearsay evidence and upon the testimony of its superintendent and assistant superintendent that the claimant at the time of his discharge had admitted to them that he was guilty of the alleged charges of misconduct while on duty. The claimant not only categorically denied all charges of misconduct but specifically denied that he had made any admission of guilt to the superintendent and assistant superintendent. Thus, a determination of the issue involves the weight of the testimony and the credibility of the witnesses and those were matters for the determination of the board. In finding that the claimant is entitled to compensation the board stated, "The disposition of this appeal depends upon the credibility to be attached to the testimony of claimant and the

various witnesses for the employer. If claimant's testimony is credible, he was discharged without cause and is not disqualified under section 402 (e). If the testimony of the witnesses for the employer is credible, claimant was obviously guilty of wilful misconduct under said section. After careful study of the record in the case, we believe the testimony of claimant is credible. We accordingly conclude that he is not disqualified under Section 402 (e)."

However, the appellant requests us to remit the record to the board for a hearing de novo and states its position as follows: "When this case arose, and during its progress, General Electric Company officials did not feel that they wished to involve fellow-employees as witnesses in the case of the discharge of another employee, and this became apparently unnecessary when the claimant openly admitted the charges made against him. Since the Board has ruled that the evidence already presented by the employer is not credible, we believe that, in order that justice may be done, it is now necessary on a hearing de novo to incorporate in the record the testimony of various employees who saw the offensive acts committed by the claimant . . ."

It is quite possible that the result might have been different had the employer called as witnesses "various employees who saw the offensive acts committed by the claimant". However, having elected not to call them and having chosen to rely upon the evidence presented by it before the referee and the board, the appellant cannot now be heard to complain. One who withholds evidence in his possession while a matter is being litigated is not entitled—after the issue has been decided against him—to a new trial for the purpose of introducing evidence which was available to him at the original trial of the case.

Decision affirmed.