## Sabatelli Unemployment Compensation Case.

Argued October 5, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*A. B. Gerber,* with him *Sidney B. Klovsky, Gerber & Galfand* and *S. Harry Galfand,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General and *Richard H. Wagner,* for appellee.

*Francis Ballard,* with him *Hamilton C. Connor, Jr., Frederic L. Ballard* and *Ballard, Spahr, Andrews & Ingersoll,* for employer, intervenor, appellee.

OPINION BY GUNTHER, J., November 22, 1950:

Claimant, in this unemployment compensation proceeding, appeals from the disallowance of benefits. He was discharged by his employer on November 23, 1948; the bureau denied benefits on the ground that claimant's discharge was due to ". . . willful misconduct connected with his work" under Section 402(e).[1] The referee reversed the bureau's decision and allowed benefits, and the employer appealed to the board. The board reversed the decision of the referee, reinstated the bureau's decision, and denied benefits.

---

[1] Unemployment Compensation Law, Section 402(e), 43 PS 802, provides: "An employe shall be ineligible for compensation for any week . . . (e) In which his unemployment is due to his discharge . . . from work for willful misconduct connected with his work".

Claimant was employed as a bus driver by the Philadelphia Transportation Company, employer, from January 13, 1944 to November 23, 1948. At the time of hiring, claimant was given several weeks instruction in the operation of the bus, including the proper collection and registering of fares. The evidence indicates that for a period of about three months after his employment in 1944 he was warned about his failure to properly register fares. From April 14, 1944, when claimant was last warned about neglect of fares, until September 14, 1948, claimant satisfactorily performed his services as a bus driver. Between September 14, 1948, and November 20, 1948, claimant was checked independently by eight inspectors, all of whom reported improper fare registrations on 24 different occasions, and as a result he was discharged on November 23, 1948. Claimant sought to explain his fare neglects on November 20, 1948, in that (1) he was under considerable nervous strain because his mother-in-law was suddenly taken seriously ill by a heart attack, and (2) a football game created an extraordinary rush of bus patrons. No explanations were attempted for fare neglects on the other dates. The board found as facts that "The company discharged the claimant on November 23, 1948 for the several failures to collect and register the fares according to the rules of the company. These rules were known by the claimant. The claimant on these days turned in money in excess of the number of registered fares but not enough to cover the reported neglects". The following finding by the board gives rise to the present appeal. The board found: "We appreciate that under such circumstances the claimant would be under some strain and if the neglects had occurred only on that day, we would be inclined to the view that there was no willful misconduct. However, the record discloses that during the last two or three months of his employment there were numerous failures to reg-

ister fares. The company does not contend and the record does not indicate that the claimant was trying to defraud the company. The claimant's course of conduct, however, indicates such a careless disregard of the company's rules and its welfare that we must conclude that his action constitutes willful misconduct within the meaning of Section 402(e) of the law".

Claimant concedes that neglect of fares in these circumstances is "misconduct", but contends that in light of the board's finding that he was "not trying to defraud the company" such misconduct was not "willful" and that, therefore, the order of the board cannot be sustained.

Claimant argues that the word "willful" means an intentional act; that since the board concluded there was no "intention" to defraud the company, an integral requirement of Section 402(e) is lacking.[2] Briefly summarized, claimant contends that "willful" is synonymous with "actual intent"; that since the board found claimant was not "trying to defraud the company", he had no actual intention sufficient to convert his misconduct into "willful misconduct"; that the board's finding of "careless disregard" indicated merely a lack of care or negligence. Claimant's argument, however, is only a half truth. Negligence consists of inattention or inadvertence. Willfulness exists where the injury to the employer, though realized, is so "recklessly disregardful" that, even though there be no actual intent, there is at least a willingness to inflict harm, a con-

---

[2] An examination of the unemployment compensation laws of other jurisdictions indicates that Pennsylvania and three other states are the only jurisdictions using the phraseology "willful misconduct" barring compensation in these circumstances.

scious indifference to the perpetration of the wrong.[3] In such case a constructive intention is imputable to him. Cf. *Kasanovich v. George,* 348 Pa. 199, 203, 34 A. 2d 523; 38 *Am. Jur., Negligence,* §48, p. 692-694; 55 *Yale Law Journal,* p. 162 (1945); 2, *Restatement, Torts,* §282, comment (d). There is ample evidence to sustain the finding of the board that the improper registration of fares was not merely inadvertence. Claimant was not a novice, but a veteran operator. He was familiar with the company's rules, was experienced in the operation of a bus and the registration of fares, and for a long period of time demonstrated his ability to perform his work properly. Viewed in these circumstances, the board properly concluded that claimant's misconduct was "willful" within the meaning of Section 402(e).

Decision affirmed.

---

[3] There is no authority in this jurisdiction on the precise question raised. *Guede Unemployment Compensation Case,* 162 Pa. Superior Ct. 479, 58 A. 2d 197; *Howard Unemployment Compensation Case,* 160 Pa. Superior Ct. 636, 53 A. 2d 819; and *Devlin Unemployment Compensation Case,* 165 Pa. Superior Ct. 153, 67 A. 2d 639, are of little assistance.