## Allen Unemployment Compensation Case.

Argued November 15, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*Abraham E. Rosenfield,* for claimant appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General and *Richard H. Wagner,* Associate Counsel, for Unemployment Compensation Board, appellee.

*H. A. Robinson,* with him *H. E. McCamey* and *Dickie, Robinson & McCamey,* for employer, intervening appellee.

OPINION BY RENO, J., January 12, 1951:

Appellant's claim for unemployment compensation was denied, the board finding that his discharge was due to "willful misconduct connected with his work", within the meaning of §402(e), 43 P.S. §802, of the Unemployment Compensation Law.

Appellant was a taxi driver for the Yellow Cab Company for 21 months, during which he was involved in 8 traffic accidents,[1] 5 of which occurred in the last 6 months of his employment. Most were minor in degree, yet the employer incurred $555 in expenses on their account. The last was the most serious and involved further expense; a collision with another automobile at a street intersection compelled the employer

---

[1] The employer's superintendent testified that appellant had 13 accidents and the referee mentions 12, but only 8 accidents are specifically described in the testimony.

to pay its passenger $75 damages for personal injuries; and the claim of the driver of the other automobile remains unsettled. This brief summary of the board's findings of fact is completely supported by the testimony and provides the evidential base for our conclusion. Law, supra, §510, 43 P.S. §830.

The collective bargaining agreement between the employer and appellant's labor union provided: ". . . The Company shall have the right to suspend or discharge any driver for just cause and/or for any of the following offenses: . . . 5. Accidents involving serious personal injuries or substantial property damage caused by the negligence of driver, or high frequency of chargeable minor accidents." Appellant was bound by that agreement. *Mattey Unemployment Compensation Case,* 164 Pa. Superior Ct. 36, 63 A. 2d 429. Even apart from the agreement, appellant was obliged to render loyal, diligent, faithful, and obedient service. *Bernstein v. Lipper Mfg. Co.,* 307 Pa. 36, 160 A. 770. He was bound to bring to the discharge of his duties the degree of skill and care called for by the nature of his employment. *Waugh v. Shunk,* 20 Pa. 130. As a carrier of passengers for hire appellant's employer was required to exercise the highest practical degree of care, *Bickel v. Reed,* 118 Pa. Superior Ct. 335, 179 A. 762, and appellant, as its employe, was obliged to perform his duties conformably to the measure of his employer's legal responsibilities. This he failed to do; he was guilty of misconduct connected with his work; and his employer, aside from the statute, was warranted in discharging him.

Nevertheless appellant is entitled to benefits under the statute unless his misconduct was willful. No attempt will be made to mark the precise connotative boundaries of the term, "willful", as employed in the Law. The word carries various shades of meaning and takes on the color of its context. In statutes denouncing offenses involving moral turpitude the term gen-

erally denotes evil purpose, criminal intent or the like. In other classes of statutes the word may mean no more than intentional, knowing, perversely, voluntary, purposely, obstinately, indifference to requirements, or careless disregard of duty. *U. S. v. Illinois Cent. R. Co.*, 303 U. S. 239, 58 S. Ct. 533; *U. S. v. Murdock*, 290 U. S. 389, 54 S. Ct. 223. "Willfulness exists where the injury to the employer, though realized, is so 'recklessly disregardful' that, even though there be no actual intent, there is at least a willingness to inflict harm, a conscious indifference to the perpetration of the wrong": *Sabatelli Unemployment Compensation Case*, 168 Pa. Superior Ct. 85, 76 A. 2d 654. See also *Detterer Unemployment Compensation Case*, 168 Pa. Superior. Ct. 291, 77 A. 2d 886.[2]

Of course, a single dereliction or minor and casual acts of negligence or carelessness do not constitute willful misconduct. But a series of accidents, attributable to negligence, occurring periodically and with consistent regularity, which produce substantial financial loss to the employer, will support the conclusion that the employe has recklessly or carelessly disregarded his duties, or has been indifferent to the requirements of his occupation, and is therefore guilty of willful misconduct. This accurately describes the situation in which the board found appellant, and it properly denied his claim to benefits.

Decision affirmed.

---

[2] For discussions and definitions of misconduct, willful and otherwise, see *Citizens' Ins. Co. v. Marsh*, 41 Pa. 386; *Beatty v. State Board of Undertakers*, 352 Pa. 565, 43 A. 2d 127; 48 Am. Jur.; Social Security, etc., §38; 55 Yale Law Journal, 160, 162.