## Coschi Unemployment Compensation Case.

Argued March 20, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, and WATKINS, JJ. (ERVIN, J., absent).

*Benjamin Kuby,* with him *Klovsky and Kuby,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

*Peter Platten,* with him *Hamilton C. Connor, Jr.,* for intervening appellee.

OPINION BY WOODSIDE, J., May 13, 1958:

This is an appeal by the claimant from a decision of the Unemployment Compensation Board of Review denying unemployment compensation to him because he was discharged for willful misconduct connected with his work. The bureau had denied him compensation, the referee allowed him compensation and the board denied it to him.

Section 402(e) of the Unemployment Compensation Law provides: "An employe shall be ineligible for compensation for any week . . . (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work; . . ." 43 PS §802 (e).

In an opinion filed this day (*Gagliardi Unemployment Compensation Case*) we have reviewed the law relative to this statutory provision. Much of what was said there is applicable to this case, but there is no reason to repeat it here.

The claimant had been employed by the Philadelphia Transportation Company for 15 years as a trolley car operator, and was discharged on April 10, 1957.

The company's rules require that each customer deposit the tokens or money for his fare in the fare box, and prohibits the operators from depositing any such tokens or money in the box for the customer. If the customer does not have the change, he is required to obtain it from the operator and to personally deposit the fare in the box. This company rule is obviously a very important one, and violation of it has been held by this Court to be sufficient cause to discharge an employe for willful misconduct. *Sabatelli Unemployment Compensation Case,* 168 Pa. Superior Ct. 85, 88, 89, 76 A. 2d 654 (1950).

The company alleged that the claimant had been observed violating this rule on nine different occasions between December 26, 1956 and April 7, 1957. Although the people who actually witnessed the violation were not called to testify, the claimant's answer to the allegation was in the nature of the ancient plea of confession and avoidance. In his application for unemployment compensation benefits the claimant acknowledged the accusation and answered that nothing was done deliberately, and in his testimony before the referee he said, "If somebody would give me a token that I could not call back I gave it to the next passenger to put it in." We think that there is sufficient evidence to support the findings of the Board of Review that the claimant was guilty of willful misconduct.

Decision affirmed.