Corgliano Unemployment Compensation Case.

Argued June 15, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Kaye W. Corgliano*, appellant, in propria persona.

*Sydney Reuben*, Assistant Attorney General, with him *Anne X. Alpern*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION PER CURIAM, September 16, 1960:

This is an appeal by claimant from a decision of the Unemployment Compensation Board of Review denying her benefits on the ground that she voluntarily terminated her employment without cause of a compelling and necessitous nature under section 402(b) of the Unemployment Compensation Law, as amended, 43 PS §802(b).

Claimant was last employed by A. Pomerantz and Company, Philadelphia, as a switchboard operator and clerk in the advertising department. Her last day of work was August 10, 1959. In her petition claimant alleged that she was laid off by her employer on that date. In a letter to the bureau the employer set forth that claimant voluntarily quit her employment on August 10, 1959, to assist her husband in musical work at home. On September 16, 1959, the bureau issued a decision denying benefits on the ground that she resigned her employment for personal reasons. Claimant appealed to the referee who held a hearing at which claimant alone presented testimony. On October 16, 1959, the referee reversed the bureau and allowed bene-

fits on the ground that claimant was laid off. On appeal by the employer the Board of Review ordered a remand hearing at which representatives of the employer testified. On February 3, 1960, the board reversed the referee, substituted its own findings of fact, and found that claimant terminated her employment because she desired to assist her husband at home. Accordingly the board held that claimant was disqualified under section 402(b) as a voluntary quit without cause of a compelling and necessitous nature.

The testimony presented a conflict on the issue of whether claimant was laid off or voluntarily quit her employment. Claimant testified that the employer hired another girl in her place, and that claimant was laid off. The substance of the employer's testimony was that claimant voluntarily left her employment to answer the telephone at home and assist her husband who was interested in writing music.

Under the Law the Board of Review, as the ultimate fact-finding body, has the duty of passing upon the credibility of the witnesses and resolving conflicts in the testimony. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271. Findings of fact by the Board of Review, if supported by competent testimony, are binding upon the appellate court. Section 510 of the Unemployment Compensation Law, as amended, 43 PS §830; *Allen Unemployment Compensation Case,* 174 Pa. Superior Ct. 514, 517, 102 A. 2d 195.

Where the decision of the board is against the party upon whom rests the burden of proof, the question on appellate review is whether the findings of the board are consistent with each other and with its conclusion of law and its order, and whether they can be sustained without a capricious disregard of the competent evidence. *Davidson Unemployment Compensa-*

*tion Case,* 189 Pa. Superior Ct. 543, 545, 151 A. 2d 870.

A review of the record discloses ample evidence supporting the board's finding that claimant voluntarily quit without cause of a compelling and necessitous nature.

The decision is affirmed.