## Hogarty Unemployment Compensation Case.

Argued December 15, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*James Francis McCort,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., March 22, 1961:

In this unemployment compensation case appellant, Thomas F. Hogarty, has taken this appeal from the decision of the Board, which refused compensation under the provision of §402(e) of the Unemployment Compensation Law, 43 P.S. §802(e). He was last employed as an oil delivery truck driver and salesman by the True Oil Company, Philadelphia, Pennsylvania, at a rate of $15.00 per day plus commissions. He was discharged on March 16, 1960, for willful misconduct connected with his work.

Appellant had several oil spills during the period of his employment, but he made no mention or report of such spills until the customers complained to management. On March 12, 1960, he had an accident with the truck of the employer, damaging a car to the extent of approximately $119.60, and failed to report this to his employer. When specific deliveries were assigned to him, he took certain delivery slips out of his bin and

placed them in the bins of other drivers, claiming that such deliveries were not in his territory. Although he was required to keep daily reports of his activities and to keep records of the quantity of oil remaining in the truck tank at the end of each day, he was reluctant to follow such procedures and instructions and had to be admonished from time to time. On March 16, 1960, when his employer called him on the telephone concerning some of these matters, appellant stated: "Well, if I get in this afternoon and the things are the same as they are, you will look for another driver." Appellant was discharged thereafter.

While the legislature has not defined the words "willful misconduct", we have, in a number of cases, established the standards to be applied in such cases. Such conduct is one of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has a right to expect of an employe, or negligence indicating an intentional disregard of the employer's interests or of the employe's duties and obligations to the employer. *Gagliardi Unemployment Compensation Case*, 186 Pa. Superior Ct. 142, 141 A. 2d 410; *Weimer Unemployment Compensation Case*, 176 Pa. Superior Ct. 348, 107 A. 2d 607; *Detterer Unemployment Compensation Case*, 168 Pa. Superior Ct. 291, 77 A. 2d 886. Violation of company rules requiring certain reports to be filed renders a claimant guilty of willful misconduct in connection with his work. *Coschi Unemployment Compensation Case*, 186 Pa. Superior Ct. 154, 141 A. 2d 416; *Curran Unemployment Compensation Case*, 181 Pa. Superior Ct. 578, 124 A. 2d 404.

The evidence on the issue of whether appellant was guilty of willful misconduct in connection with his work was conflicting. However, the Board of Review, as the ultimate fact-finding body, has the duty of pass-

ing upon the credibility of the witnesses and resolving conflicts in the testimony. *Corgliano Unemployment Compensation Case,* 193 Pa. Superior Ct. 9, 163 A. 2d 686; *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271. Findings of fact by the Board, if supported by competent testimony, are binding upon the appellate court. Section 510 of the Unemployment Compensation Law, as amended, 43 P.S. §830; *Allen Unemployment Compensation Case,* 174 Pa. Superior Ct. 514, 102 A. 2d 195.

Appellant's sole complaint here is that the test of wanton and willful disregard of an employer's interest is an unfair test in determining the right to unemployment compensation benefits and that the test should be based upon what a reasonably prudent employe would do under the circumstances. Such contention, if valid, should be addressed to the legislature and not to the court. "Willful misconduct connected with his work" being proscribed as conduct which makes one ineligible for compensation, it becomes necessary only to determine whether the conduct here involved meets the standard to be applied in such cases. In any event, no reasonably prudent employe would jeopardize his employment with a course of conduct here complained of.

A review of the record discloses ample evidence supporting the Board's finding of willful misconduct.

The decision is affirmed.