Shirley Unemployment Compensation Case.

Argued April 10, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Bernard J. Sweer,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., June 13, 1962:

In this unemployment compensation appeal the Bureau of Employment Security, the Referee, and the Unemployment Compensation Board of Review, all found that the claimant was not entitled to benefits because of willful misconduct in violation of the provisions of §402(e) of the Unemployment Compensation Law, 43 PS §802(e).

The claimant, John R. Shirley, was last employed as a taxi driver by the Peoples Cab Company, Pittsburgh, Pennsylvania, on a percentage basis, on May 20, 1961.

The record shows that the claimant had a history of accidents, held to be chargeable to him, for which he was discharged in December, 1959. He was, however,

rehired in April, 1960. Since that time he has been involved in six accidents, three of which were chargeable to his negligence. He was placed under surveillance by the company and found violating various company rules concerning driving, and was warned of the violations by his employer. These violations included going through a red light; starting on amber; and improper parking.

On May 21, 1961 he was again involved in an accident as a result of which he was unable to work until July 6, 1961; other persons involved in the accident were seriously injured. As a result of this accident he was charged with reckless driving but when the occupants of the other car did not appear against him, the charge was dismissed. After his recovery, when he reported to work on July 6, 1961 he was discharged because of the prior warnings and his history of chargeable accidents.

The decision of the Board may be sustained not only on his record of chargeable accidents but also on his violation of company driving rules as indicated by the results of his surveillance. *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 141 A. 2d 410 (1958) ; *Coschi Unemployment Compensation Case,* 186 Pa. Superior Ct. 154, 141 A. 2d 416 (1958).

"As a carrier of passengers for hire appellant's employer was required to exercise the highest practical degree of care, Bickel v. Reed, 118 Pa. Superior Ct. 335, 179 A. 762, and appellant, as its employe, was obliged to perform his duties conformably to the measure of his employer's legal responsibilities. This he failed to do; he was guilty of misconduct connected with his work; . . . .

"Of course, a single dereliction or minor and casual acts of negligence or carelessness do not constitute willful misconduct. But a series of accidents, attributable to negligence, occurring periodically and with consist-

ent regularity, which produce substantial financial loss to the employer, will support the conclusion that the employe has recklessly or carelessly disregarded his duties, or has been indifferent to the requirements of his occupation, and is therefore guilty of willful misconduct." *Allen Unemployment Compensation Case.* 168 Pa. Superior Ct. 295, 297, 298, 77 A. 2d 889 (1951). See also: *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271 (1955).

Decision affirmed.