[Civ. No. 34555. First Dist., Div. Four. Aug. 21, 1974.]

RUTH DELGADO, Plaintiff and Respondent, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD,
Defendant and Appellant.

## COUNSEL

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, and Asher Rubin, Deputy Attorney General, for Defendant and Appellant.

Craig H. Scott for Plaintiff and Respondent.

## OPINION

**CHRISTIAN, J.**—The Unemployment Insurance Appeals Board appeals from a judgment mandating the payment of unemployment insurance benefits to respondent Ruth Delgado. The question on appeal is whether the evidence sustained the trial court's determination that respondent had not been discharged for misconduct and was therefore eligible to receive benefits.

Respondent was employed as a grocery checker by Lucky Food Stores from February 1968 until November 1972, when she was discharged for failing to record three sales on her cash register. Concededly these failures were contrary to the employer's work rules, which required checkers to "record all sales on the cash register and offer [a] cash register receipt to a customer."

The incidents occurred while respondent was working at a cash

register near the liquor department; there was no checker qualified to handle sales in the liquor department. When someone came to her with a single purchase from that department, respondent would accept the money, continue recording the grocery purchase she was handling and then, when the grocery transaction was complete, record the single purchase or combine the single purchase with other single purchases and record them as one. She did this to avoid making the customer with the single purchase wait in line.

Respondent was aware of the written rule requiring recordation of each individual sale, but she thought her conduct was proper and acceptable to her supervisors. Her immediate supervisor and the store manager knew of her conduct; indeed, they sometimes gave her money for single purchases while she was handling a grocery sale. Other checkers used the same procedure when they worked the cash register near the liquor department. Respondent was never warned that her practice of deferring the recording of single purchases was unacceptable. There was no evidence that respondent profited financially from her failure to record purchases.

The Unemployment Insurance Appeals Board contends that respondent was discharged for misconduct and that she is consequently disqualified from obtaining unemployment compensation benefits. Section 1256 of the Unemployment Insurance Code provides that "An individual is disqualified for unemployment compensation benefits if the director finds that he . . . has been discharged for misconduct connected with his most recent work." The term "misconduct," as used in section 1256, is " ' "limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not deemed 'misconduct' within the meaning of the statute." ' " (*Silva* v. *Nelson* (1973) 31 Cal.App. 3d 136, 140 [106 Cal.Rptr. 908], quoting *Maywood Glass Co.* v. *Stewart* (1959) 170 Cal.App.2d 719, 724 [339 P.2d 947].)

In an appeal after a trial court has by mandamus overturned a decision of the appeals board, the appellate court must apply the substantial evidence test to the trial court's independent factual determination based

on the administrative record. (*Thomas* v. *California Emp. Stab. Com.* (1952) 39 Cal.2d 501, 504 [247 P.2d 561]; *King* v. *California Unemployment Ins. Appeals Bd.* (1972) 25 Cal.App.3d 199, 203-204 [101 Cal. Rptr. 660].)

In this case, the evidence does not compel the conclusion that respondent's conduct amounted to " ' "wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior . . . or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design" ' "; at most it can be classified as " ' "ordinary negligence in isolated instances, or good faith errors in judgment . . ." ' " (*Silva* v. *Nelson, supra,* 31 Cal.App.3d at p. 140.)

Respondent did knowingly violate a company rule when she postponed recording single purchases, but there was evidence that she believed that these practices were acceptable to her employer; her supervisor knew of them and, at times, participated in them. Respondent's use of these practices might appear to be motivated by a desire to help customers efficiently —a goal which favored her employer's interest. Consequently, the trial court might reasonably regard respondent's conduct as a good faith error in judgment rather than as misconduct.

Appellant relies on *Sabatelli* v. *Unemployment Comp. Bd. of Rev.* (1950) 168 Pa.Super. 85 [76 A.2d 654]. By requiring conduct to be "so 'recklessly disregardful' that . . . there is at least a willingness to inflict harm, a conscious indifference to the perpetuation of the wrong," the court in *Sabatelli* applied a standard similar to the California test in denying benefits. (*Sabatelli* v. *Unemployment Comp. Bd. of Rev., supra,* 76 A.2d at p. 656.) The facts of *Sabatelli* are, however, distinguishable from the present case. In *Sabatelli,* a bus driver was discharged for improperly registering fares on 24 different occasions during a 5-week period; the driver explained the cause of his improper conduct for one occasion but offered no explanation for his conduct on the others. (*Id.,* pp. 655-656.) Here respondent presented evidence that she thought she was promoting efficient service and that her supervisor condoned the practice.

Appellant relies on *Alder* v. *Mountain States Telephone & Telegraph Co.* (1968) 92 Idaho 506 [446 P.2d 628], to support its argument that Lucky Food Stores did not condone respondent's conduct. But the trial court could properly determine that respondent believed that her conduct

was approved or condoned by her supervisor, whether or not higher levels of management were aware of the practice.

The judgment is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.