DeFazio Express, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 10, 1979, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*David M. Epstein,* with him *Epstein, O'Neill & Utan,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, October 2, 1979:

DeFazio Express, Inc. has appealed a decision of the Unemployment Compensation Board of Review that Thomas W. Collins, an employe of DeFazio, was not guilty of willful misconduct and was therefore eligible for benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Collins, a truck driver for DeFazio, was unable to stop his tractor-trailer in time to avoid striking a passenger car which had stopped in front of his vehicle in a ''yield'' entrance to a major highway. Minor damage was done to the car; none to the truck. Collins received a police citation for driving too fast under the conditions and paid a fine rather than contest the matter. He nevertheless maintained when cited and in discussions with his employer that he was not at fault in the accident and the compensation authorities found that he ''performed his assigned tasks to the best of his ability.''

The collective bargaining agreement between Collins' union and DeFazio gave the latter power to establish reasonable rules and regulations for the operation of its trucking business. The rules, a copy of which was given to Collins, provided, *inter alia,* as follows:

1.  ACCIDENTS        [Penalty]
    . . .                . . .
    c.  Rear end collision    Subject to Discharge

The penalty imposed upon Collins by DeFazio was a six week disciplinary suspension, which, after Collins initiated grievance proceedings, was by agreement reduced to a three weeks suspension. Collins applied for unemployment compensation benefits for the period of the suspension.

DeFazio argues that the Board erred in deciding that the suspension was not due to Collins' willful misconduct because Collins was a professional driver and must be deemed to be at fault in any rear end collision in which he was the driver of the following vehicle.

A violation of an employer's rule, in this case a rule against rear end accidents, may constitute willful misconduct unless the evidence shows that the employe's action was justifiable or reasonable, or unless the rule is unreasonable. *Kindrew v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978). We believe DeFazio's rule, subjecting the employe to discipline on the basis of his involvement in a rear end accident regardless of his fault, is unreasonable for use in determining the employe's entitlement to unemployment compensation because it fails to include all consideration of the employe's culpability. In *Schappe v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 249, 392 A.2d 353 (1978), a similar case, Judge MacPhail wrote:

> While the number of accidents cannot be said to be unimportant in a determination of whether such accidents constitute willful misconduct, we do not believe that the number is the sole and exclusive criterion. Rather, the controlling issue is whether the nature of claimant's neg-

ligence is such as to demonstrate 'manifest culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.' Obviously each case will have to be decided on its own facts. . . .' (Citation omitted.) (Emphasis in original.)

*Id.* at 253, 392 A.2d at 355-56.

As we have noted, it was found with support in the record that Collins performed his assigned tasks to the best of his ability.

DeFazio also argues that the Board should have considered claimant's entitlement to benefits under Section 402(b)(1) of the Act, 43 P.S. §802(b)(1), which makes an employe ineligible for compensation when his unemployment is due to voluntarily leaving work without cause of necessitous and compelling nature. This argument is based on the arrangements made for the three week suspension. As we have stated in *Hutt v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 57, 60, 367 A.2d 390, 391 (1976), quoting from *Labor and Industry Department v. Unemployment Compensation Board of Review*, 133 Pa. Superior Ct. 518, 3 A.2d 211 (1938), voluntarily leaving work means " 'the opposite of a discharge, dismissal or layoff by the employer or other action by the employer severing relations with his employes. . . .' " (Emphasis omitted.) Clearly the arrangement for the short suspension was in lieu of the alternative of a longer suspension and was not voluntary.

We therefore enter the following:

### ORDER

AND Now, this 2nd day of October, 1979, the order of the Unemployment Compensation Board of Review, entered on August 9, 1978, is hereby affirmed.