George Ingram, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 4, 1979, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Howard Wallner,* for petitioner.

*Gary Marini,* Assistant Attorney General, with him *Elsa D. Newman,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, December 3, 1979:

George Ingram (claimant) appeals here from a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits under Section 402(e) of the Unemployment Compensation Law,[1] which disqualifies individuals discharged for willful misconduct. He argues (1) that the Board's findings are not supported by substantial evidence and (2) that his conduct did not constitute willful misconduct.

The claimant had been employed as a truck driver but was discharged by his employer because he had been involved in three accidents within a five-month period. The Board found that "[a]s a result of the claimant's negligence, which caused these accidents, there was a considerable amount in damages to the employer's property and the property of others involved." The Board also found that he had been warned that continued accidents would result in discipline. These findings are supported by the testimony of the employer's representative, who testified in detail from his personal knowledge as to the circumstances surrounding the accidents and as to the warnings given the claimant. This case is therefore distinguishable from *Parke v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 382, 393 A.2d 62 (1978), where the employer merely offered conclusory statements that the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

accidents charged to the claimant were "preventable."

As to whether the claimant's behavior rose to the level of willful misconduct, the number of accidents is not determinative, of course, and each case must be decided on its own facts. *Schappe v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 249, 392 A.2d 353 (1978). We believe, however, that the Board reached a proper conclusion because as we said in *Coulter v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 462, 466, 332 A.2d 876, 879 (1975):

A single dereliction or a minor and casual act of negligence or carelessness does not constitute willful misconduct. Rather, it is a series of accidents, attributable to negligence, occurring periodically and with consistent regularity which produce substantial financial loss to the employer which will support the conclusion that an employe is guilty of willful misconduct.

The first chargeable accident here occurred on February 21, 1978, when the claimant ran into the rear end of another vehicle. The employer's representative testified that the road conditions were clear and that in his opinion the claimant did not maintain the proper distance from the other vehicle. Although he testified that he investigated the accident, he admittedly did not see it, but his opinion was reasonably based on his belief that the driver of a vehicle which hits another in the rear is following too closely. While we have rejected establishing a rule that would in effect approve a conclusive presumption of negligence in a rear end collision, *De Fazio, Express, Inc. v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 301, 406 A.2d 579 (1979), we do believe that a fact-finder is entitled to

draw an inference of negligence from the fact of a rear end collision, see *Toff v. Rohde*, 208 Pa. Superior Ct. 411, 222 A.2d 434 (1966); *Meek v. Allen*, 162 Pa. Superior Ct. 495, 58 A.2d 370 (1948). And such inference in the present case is well supported by the opinion of the employer's representative, who investigated all accidents involving its drivers. Moreover, it was not rebutted by the claimant.

The second accident occurred, according to the employer's representative, when the claimant ran through a stop sign and was struck by another vehicle. The investigating police officer issued a citation to the claimant, and the employer paid the consequent fine.

The final accident occurred when the claimant was driving during a rain storm on the Schuylkill Expressway. He lost control of his tractor-trailer while traveling at 45 to 50 miles per hour, and the vehicle was totally destroyed. The employer's representative testified to his belief that the claimant was negligent in failing to maintain control of the vehicle, basing his conclusion on conversations he had with the investigating police officer, on the fact that no other vehicle was involved, on the fact that two tow-truck drivers found nothing wrong with the steering, and on the fact that no safety citation was issued against the vehicle. The claimant testified to his belief that worn tires were responsible for the accident, but the Board chose not to believe him, and we will not question the Board's determination of credibility.

The evidence of record here establishes that the claimant was discharged for his involvement in a series of negligent accidents resulting in a substantial loss to the employer (in excess of $16,000), and we shall therefore affirm the order of the Board.

Judge CRAIG dissents.

## ORDER

AND Now, this 3rd day of December, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

Application for reargument filed and denied.