Nevin L. Goodman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 2, 1984, to Judges Rogers, Craig and Colins, sitting as a panel of three.

*Michael Goldberg,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Rogers, June 8, 1984:

Section 402(e) of the Unemployment Compensation Law[1] provides that an employe shall be ineligible for compensation for any week in which his unemployment is due to his discharge from work for willful misconduct connected with his work.

The petitioner for review of a Board of Review's (board) decision in this case is a claimant who was discharged from his employment as a truck driver for having been involved in two accidents, characterized by his employer and the board as preventable, within a one-month period. The question was and is that of whether the number and nature of the petitioner's accidents established that the claimant had committed an act or acts of willful misconduct.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Whether acts constitute willful misconduct is a question of law. *Nyzio v. Lee Tire & Rubber Co.,* 26 Pa. Commonwealth Ct. 600, 364 A.2d 981 (1976).

First, neither the employer nor the unemployment compensation authorities have explained what they mean by the word ":preventable"; however, it may be fairly inferred that it is intended to suggest that the claimant was at fault. Of course the mere use of preventable as a modifier of the word accident does not establish the claimant's negligence. The employer has the burden of proving that the claimant committed acts of negligence sufficient to demonstrate willful misconduct. *Parke v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 382, 393 A.2d 62 (1978).

A source case is *Sabatelli Unemployment Compensation Case,* 168 Pa. Superior Ct. 85, 76 A.2d 654 (1950), where the claimant, a bus driver, had been discharged, after warnings, for failing properly to register fares. The board found that the claimant had carelessly disregarded his employer's interests. The claimant on appeal contended that because the board also found that he was not trying to defraud his employer—that is, that he had no actual intent to do harm—his admitted misconduct was merely negligent, not willful misconduct. The Superior Court in upholding the board's conclusion that the claimant was guilty of willful misconduct, responded to the claimant's thesis in the following manner:

Claimant's argument, however, is only a half truth. Negligence consists of inattention or inadvertence. Willfulness exists where the injury to the employer, though realized, is so "recklessly disregardful" that, even though there be no actual intent, there is at least a willingness to inflict harm, a conscious indifference to the perpetration of the wrong. In such case, a con-

structive intention is imputable to him. Cf. Kasanovich v. George, 348 Pa. 199, 203, 34 A.2d 523; 38 *Am. Jur., Negligence,* §48, pp. 692-694; *Yale Law Journal,* p. 162 (1945); 2, *Restatement, Torts,* §282, comment (d). There is ample evidence to sustain the finding of the board that the improper registration of fares was not merely inadvertence. Claimant was not a novice, but a veteran operator. He was familiar with the company's rules, was experienced in the operation of a bus and the registration of fares, and for a long period of time demonstrated his ability to perform his work properly. Viewed in these circumstances, the board properly concluded that claimant's misconduct was "willful" within the meaning of Section 402(e). (Footnote deleted.)

*Id.* at 89, 76 A.2d at 656.

In *Kasanovich v. George,* 348 Pa. 199, 34 A.2d 523 (1943), cited in *Sabatelli,* established as the law of Pennsylvania the principle that contributory negligence is no defense to an action for tort involving wanton or willful or reckless misconduct on the part of the defendant. *See* Restatement (Second) of Torts, §§500-503 (1965).

We learn from *Sabatelli* that conduct exhibiting reckless disregard of the interests of an employer or willingness to inflict harm or conscious indifference to the perpetration of wrong may constitute willful misconduct; but that mere inattention or inadvertence, that is, simple ineptness, will not.

The claimant in the case of *Allen Unemployment Compensation Case,* 168 Pa. Superior Ct. 295, 77 A.2d 889 (1951), a taxi driver, had eight accidents in twenty-one months, five of which occurred in the last six months of his employment. The Superior Court reports that most of the accidents were minor; that

the last was the most serious, causing personal injuries; and that all of the accidents were attributable to negligence. The Superior Court affirmed the decision of the Board of Review that the claimant was ineligible, writing

Of course, a single dereliction or minor and casual acts of negligence or carelessness do not constitute willful misconduct. But a series of accidents, attributable to negligence, occurring periodically and with consistent regularity, which produce substantial financial loss to the employer, will support the conclusion that the employe has recklessly or carelessly disregarded his duties, or has been indifferent to the requirements of his occupation, and is therefore guilty of willful misconduct. This accurately describes the situation in which the board found appellant, and it properly denied his claim to benefits.

*Id.* at 298, 77 A.2d at 890.

We learn from *Allen* that a series of accidents, attributable to negligence and which produce loss will support a conclusion that the employee has acted in careless and reckless disregard of his duties and is therefore guilty of willful misconduct.

There then arises the question of how many accidents equal a series of accidents. In *Schappe v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 249, 392 A.2d 353 (1978), the claimant contended that two accidents within thirty days did not make a series. A panel of this court countered that while the number of accidents is not unimportant, the controlling issue is whether the nature of the acts of negligence are such as to demonstrate culpability and disregard for the employer's interests. We upheld the board's denial of benefits because the circumstances showed that the claimant was manifestly and

inexcusably negligent in the case of both accidents, and because the accidents occurred within a short interval of time. These we held so clearly demonstrated the claimant's lack of care for his employer's property that they amounted to willful misconduct. In *Ingram v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 496, 498, 408 A.2d 570, 571 (1979), a panel of this court held that a truck driver who had three accidents in five months in which there was evidence of his negligence was properly held to have been involved in a "series of accidents, attributable to negligence" and was therefore guilty of willful misconduct.

As *Allen* teaches, a single accident involving an act of simple negligence is not willful misconduct, and we so held in *DeFazio Express, Inc. v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 301, 406 A.2d 579 (1979); *Coulter v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 462, 332 A.2d 876 (1975). *Allen* also teaches that a series of accidents, if attributable to negligence, is willful misconduct, as we held in *Schappe* (two accidents in a short time with clear evidence of negligence) and *Ingram* (three accidents in five months with evidence of negligence).

The claimant in this case was involved in two accidents, on December 20, 1981 and January 20, 1982. The first is not made the subject of any findings below except to record the date on which it occurred and to describe it as preventable. It consisted, according to the claimant's unrefuted statement, of his sliding off the side of an ice and snow-covered road when he braked to avoid colliding with preceding passenger cars which had braked to avoid another skidding truck. This was all of the competent evidence concerning this occurrence; it of course does not suggest, much less show, negligence on the part of the claimant.

The second accident to which the referee's hearing was almost entirely devoted occurred when while passing another truck, the claimant lost control of his vehicle which skidded for almost 700 yards and then fell over on its side. The claimant and the driver of the other truck both testified to hearing a loud explosion as of a truck tire blowing out just before the claimant's truck went out of control. The claimant ascribed his loss of control to a blow out of a front tractor tire because he lost driving control immediately after hearing the explosion. The employer's case consisted of the testimony of another employee presented as an expert on tires who said that he examined the left front tractor tire and that while it was without air after the accident it had not blown out when the claimant testified that he heard the noise of an explosion because if it had it would have been shredded during the skid. The transcript is not very clear but the expert seems to have testified, and the referee found, that "one of the dual tires on the claimant's tractor had also blown out."

The referee whose decision the board adopted accepted the tire expert's testimony that the left front tire had not blown out coincident with the noise and on this basis concluded that the accident was the result of some other undescribed act of negligence on the part of the claimant.

At worst for the claimant, there being no evidence of negligence in the first accident, the case is one in which the claimant has been determined to have been somehow negligent in the second because his explanation of it was rejected in favor of the opinion of a tire expert. While the property loss in the second accident was considerable, the claimant's dereliction, if any, was clearly not wanton, willful, reckless or expressive of a willingness to inflict harm or conscious

indifference to the perpetration of wrong. Therefore his unemployment was not due to willful misconduct.

Order reversed.

### ORDER

AND NOW, this 8th day of June, 1984, the order of the Unemployment Compensation Board of Review bearing mailing date of June 4, 1984 is reversed.

### AMENDED ORDER

AND NOW, this 13 day of June, 1984, the order of this Court entered June 8, 1984, is hereby amended to read as follows:

AND NOW, this 8th day of June, 1984, the order of the Unemployment Compensation Board of Review bearing mailing date of June 4, 1982 is reversed.

