525 A.2d 458

Southeastern Pennsylvania Transportation Authority, Petitioner *v.* Commonwealth of Pennsylvania; Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 8, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Joseph F. Keener,* General Counsel, with him, *G. Roger Bowers* and *C. Neil Petersen,* for petitioner.

*Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 6, 1987:

Southeastern Pennsylvania Transportation Authority (Petitioner) appeals from an order of the Unemployment Compensation Board of Review (Board), which affirmed the referee's decision that the conduct for which Ann Smokes (Claimant) was discharged did not constitute willful misconduct under Section 402(e) of the Unemployment Compensation Law[1] and that Claimant was eligible for benefits. We affirm.

Claimant was employed by Petitioner as a bus operator. On December 31, 1984, Claimant was involved in a chargeable[2] accident for which she received a five day suspension with a final warning.[3] She was involved in another acident on February 5, 1985 when the back end of the bus she was driving swerved into a parked car. Petitioner deemed this a chargeable accident and, on February 13, 1985, discharged Claimant for violating

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] Petitioner classifies all its operators' accidents, based on its investigation of the accident, into one of the three categories:
Chargeable—totally due to operator negligence
Preventable—operator negligent but not the sole responsible party
Unpreventable—operator could not have prevented
N.T. at 3.
Claimant does not dispute that her negligence caused the December 31, 1984 accident.

[3] Claimant was initially discharged, but after an appeal by the union on her behalf, the discharge was rescinded and the five day suspension with a final warning imposed.

company policy. The referee made the following pertinent findings of fact:

7. The accident [on February 5, 1985] occurred with a parked car after the claimant had brought the vehicle to a complete stop. Due to inclement weather, the backend of the vehicle swerved and hit the parked car.

8. The claimant was not negligent in the operation of the vehicle.

9. The claimant performed her job duties to the best of her ability.

Based on these findings, the referee concluded Claimant's conduct did not "rise to the level of willful misconduct" and, therefore, Claimant was eligible for benefits. The Board affirmed the decision.

On appeal to this Court, Petitioner contends the referee and the Board erred in concluding that Claimant's conduct did not constitute willful misconduct because (1) Claimant had been involved in a series of accidents caused by her negligence and (2) findings of fact 7, 8, and 9 are "contrary to the weight of the evidence." These assertions are meritless.

Initially we note that Petitioner misconceives our scope of review. We are limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was made or constitutional rights were violated. *Estate of McGovern v. State Employes' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). The weight to be accorded evidence is the province of the Board and is not reviewable. *See Bowman v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 170, 410 A.2d 422 (1980).

The referee and the Board, in making the contested findings, obviously found Claimant's testimony to be credible.[4] Credibility of witnesses is for the Board to

---

[4] Claimant, when questioned about the February 5, 1985 accident, testified as follows:

ascertain. *Mikolayczak v. Unemployment Compensation Board of Review*, 94 Pa. Commonwealth Ct. 163, 503 A.2d 100 (1986). Therefore, these findings are supported by substantial evidence.

Whether Claimant's conduct constituted willful misconduct is a question of law reviewable by this Court. *Myers v. Unemployment Compensation Board of Review*, 88 Pa. Commonwealth Ct. 399, 490 A.2d 18 (1985). Petitioner contends that Claimant's safety summary record,[5] containing four chargeable accidents and two preventable accidents from February 3, 1983 until February 5, 1985, demonstrates conduct, on Claimant's part, amounting to willful misconduct. A series of accidents resulting from negligence can support a conclusion of willful misconduct. *Goodman v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 134, 476 A.2d 510 (1984). However, "[t]he employer has the burden of proving that the claimant committed acts of negligence sufficient to demonstrate willful misconduct." *Id.* at 136, 476 A.2d at 512.

Petitioner relies on *its* record of *its* characterization of Claimant's accidents to carry its burden of proof. Such evidence, by itself, is not competent to support a finding of negligence in any of the listed accidents. Petitioner presented no evidence of negligence in any accident other than the February 5, 1985 accident. While Claimant admits she was negligent in the December 31, 1984 accident, the referee found no negligence on Claimant's part in the February 5, 1985 accident.

---

It was the last snow that we had and it was bad. . . . The bus stopped, to me I thought, like I said, I thought I made a perfect stop, you know, no sliding. But the bus fishtailed and hit a parked car on my right.

N.T. at 14-15.

[5] Employer's Exhibit # 1.

We hold that the referee did not err in concluding that Claimant's conduct did not rise to the level of willful misconduct.

Accordingly, we affirm.

ORDER

AND NOW, May 6, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.