559 A.2d 87

**William T. APPLE, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 31, 1989.

Decided May 18, 1989.

196

Terry L. Fromson, Community Legal Services, Inc., Philadelphia, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, James K. Bradley, Asst. Counsel, Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

In this unemployment compensation case, William T. Apple (Claimant) was discharged from his position as a security supervisor with the Pennsylvania Hospital (Employer) after he reported the loss or theft of his departmental operational beeper. His Employer contested his application for benefits, alleging that Claimant was guilty of willful misconduct because the beeper was the third piece of equipment Claimant had lost. The Office of Employment Security (OES) denied benefits on the basis of Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as*

*amended,* 43 P.S. § 802(e). Following a hearing, a referee reversed. On Employer's appeal, the Unemployment Compensation Board of Review (Board) reversed the referee's decision. Claimant has petitioned for our review of that order.

The Board entered the following findings of fact:

1. Claimant was last employed as a security lieutenant by Pennsylvania Hospital for approximately twelve years at a final rate of $508.00 per week and his last day of work was July 13, 1988.

2. From 1982 to the present, claimant had been suspended twice, and given several written warnings for losing two pieces of valuable and important security equipment.

3. On or about July 13, 1988, claimant left his departmental beeper on a desk in an office.

4. Claimant remembered this after an hour, and when he returned to the office, the beeper was gone.

5. Claimant was responsible for the beeper during the time in which he had left it in the office.

6. Claimant alleges the beeper was stolen, rather than lost.

7. The employer, after considering claimant's prior history of losing valuable equipment, discharged claimant effective July 13, 1988, as the result of the above incident.

8. Claimant did not have good cause for his actions.

On the basis of these findings, the Board concluded that Claimant's conduct constituted willful misconduct as a matter of law. We disagree and reverse.

As we have defined willful misconduct, it includes a wanton and willful disregard of an employer's interests, a deliberate violation of an employer's rules, a disregard of the standards of behavior which an employer can rightfully expect of an employee, or negligence manifesting culpability, wrongful intent, evil design or intentional and substantial disregard of an employer's interests or an employee's duties and obligations. *Heins v. Unemployment Compen-*

*sation Board of Review,* 111 Pa.Commonwealth Ct. 604, 534 A.2d 592 (1987). Whether certain conduct constitutes willful misconduct is a question of law subject to our review. *Id.*

Claimant alleges that his conduct, as a matter of law, did not constitute willful misconduct, but was, rather, inadvertent negligence. Our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law committed or whether necessary findings of fact are supported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

We note initially that two of the Board's findings, numbered 2 and 4, are inaccurate based upon our review of the record. In Finding of Fact No. 2, the Board correctly notes that the Claimant had been suspended on two prior occasions for loss of equipment. The first was documented by a warning notice, dated September 8, *1981,* for the loss of a master key ring on September 3, 1981. (Although this notice was introduced into evidence by the referee, the Board's confusion apparently resulted from the testimony of Claimant's supervisor, who was not sure whether the first incident occurred in 1981 or 1982). The second suspension came in December of 1985, when Claimant was suspended for the loss of his walkie-talkie. This suspension was documented by a warning notice dated December 23, 1985. Although other warning notices were admitted into evidence, only these two concerned the suspensions for loss of equipment.

The Board concedes in its brief that Finding of Fact No. 4 is inaccurate. Claimant testified, without contradiction, that he worked for approximately one hour in the office after he began his shift at 4:00 p.m. and that the beeper was on his desk during that time. At about 5:00 p.m., Claimant went to lunch. He realized shortly thereafter that he did not have the beeper and immediately returned to the

office to look for it. When he could not find it, he notified his supervisor.

With these factual modifications in mind, we shall proceed to examine the question of whether the negligent loss of equipment, preceded by two similar incidents over a seven-year period, constitutes willful misconduct.

It is clear that "conduct exhibiting reckless disregard of the interests of an employer or willingness to inflict harm or conscious indifference to the perpetration of wrong may constitute willful misconduct; but that mere inattention or inadvertence, that is, simple ineptness, will not." *Goodman v. Unemployment Compensation Board of Review*, 83 Pa.Commonwealth Ct. 134, 137, 476 A.2d 510, 512 (1984). Further, as noted in *Goodman*, a series of negligent acts which produce loss may support a conclusion that the employee has acted in careless and reckless disregard of his duties and is therefore guilty of willful misconduct.

In *Schappe v. Unemployment Compensation Board of Review*, 38 Pa.Commonwealth Ct. 249, 392 A.2d 353 (1978), this Court discussed the question of how many accidents constitute a series. The claimant in *Schappe*, a truck driver, had been involved in two accidents in thirty days. We stated:

> While the number of accidents cannot be said to be unimportant in a determination of whether such accidents constitute willful misconduct, we do not believe that the number is the sole and exclusive criterion. Rather, the controlling issue is whether the nature of the Claimant's negligence is such as to demonstrate 'manifest culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.' *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, [10 Pa.Commonwealth Ct. 90, 309 A.2d 165 (1973)].

*Schappe* at 253, 392 A.2d at 355–56 (emphasis deleted). We concluded in *Schappe* that, although only two accidents were involved, they occurred within such a short period of

time that they were indicative of the claimant's lack of care for his employer's equipment and therefore constituted willful misconduct.

In the case before us, Claimant worked for his Employer for twelve years. During the latter seven years of his employment, he received two three-day suspensions for losing equipment. Each suspension was documented by a warning notice containing a warning that further incidents could result in the loss of Claimant's supervisory responsibilities.[1] The monetary value of the keys lost in 1981 is not contained in the record. Claimant was required to pay $300 toward the cost of the replacement of the second item, lost in 1985, a $1,628 walkie-talkie. Claimant's final "warning notice," via which he was notified of his discharge, indicated that he was required to pay the full replacement value of the beeper lost in July 1988, $590.

In considering whether Claimant's conduct amounts to willful misconduct, we note that the record contains no information, other than the warning notices themselves, with respect to the circumstances surrounding the 1981 and 1985 incidents. Even assuming that each was attributable to negligence on the part of Claimant, we must nonetheless recognize that the three incidents are well spaced over a period of seven years. In addition, Claimant was required to reimburse his Employer for at least a portion of the financial losses it sustained. Further, the Employer itself apparently did not consider the two prior incidents serious enough to threaten Claimant with discharge. As noted above, the first two notices Claimant received each warned of demotion in the event of further loss of equipment.

1. The September 8, 1981 warning provided: "You are hereby further advised that *a repeat of this incident* (loss of assigned Hospital Master Keys) *on your part could jeopardize your position as a Departmental Supervisor.*" (Emphasis in original.) The December 23, 1985 warning advised: "In conclusion, you are hereby informed that another incident of *'Loss of Assigned Operational Equipment'* on your part will *result in further disciplinary actions. Such actions could include your removal from a supervisors [sic] position* (*return to security officer level*)." (Emphasis in original.)

In *Goodman*, this Court reiterated the test, enunciated in *Allen v. Unemployment Compensation Case*, 168 Pa.Superior Ct. 295, 298, 77 A.2d 889, 890 (1951), for determining whether willful misconduct exists in cases of recurring negligence:

'Of course, a single dereliction or minor and casual acts of negligence or carelessness do not constitute willful misconduct. But a *series* of accidents, attributable to negligence, *occurring periodically and with consistent regularity, which produce substantial financial loss* to the employer, will support the conclusion that the employe has recklessly or carelessly disregarded his duties, or has been indifferent to the requirements of his occupation, and is therefore guilty of willful misconduct.'

*Goodman* at 138, 476 A.2d at 513 (emphasis added).

Applying that test to the facts of this case, we are unable to find that Claimant's conduct rose to the level of willful misconduct. The facts before us indicate that there were three incidents of inadvertent loss of equipment which were documented over the course of the latter seven years of a twelve-year employment period. In addition, there was no evidence presented which would indicate a willingness on Claimant's part to inflict harm or a conscious indifference to his Employer's interests. Finally, while we do not deny that the Employer has suffered some financial harm, it was limited both by the time span between incidents and by its own policy requiring employees to reimburse it, at least partially, for losses sustained.

Accordingly, we must reverse the order of the Board and remand for a computation of benefits.[2]

## ORDER

AND NOW, this 18th day of May, 1989, the order of the Unemployment Compensation Board of Review in the

2. In light of our conclusion that the Board erred as a matter of law, we need not address the second argument advanced by Claimant, that the Board improperly relied on documents the Employer submitted after the referee's hearing.

above-captioned matter is hereby reversed and the matter is remanded for a computation of benefits.

Jurisdiction relinquished.