Roth Unemployment Compensation Case.

Argued April 10, 1962. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Edward G. Kuyat, Jr.,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with
him *Raymond Kleiman,* Deputy Attorney General, and
*David Stahl,* Attorney General, for Unemployment
Compensation Board of Review, appellee.

OPINION BY WATKINS, J., June 13, 1962:

This is an unemployment compensation case in which
the Bureau of Employment Security denied benefits
but was reversed by the referee. The Unemployment
Compensation Board of Review reversed the referee by
denying benefits under the provisions of §402(e) of the
Unemployment Compensation Law, 43 PS §802(e), in
that the claimant was guilty of willful misconduct.

The claimant, John W. Roth, was last employed as
a bus driver by Johnstown Traction Company, Johns-
town, Pennsylvania, on October 19, 1960. The termina-
tion of his employment followed his involvement in an
accident on October 18, 1960. Prior to this accident·
he had a history of periodic accidents, ten of which had
been determined to be chargeable to his negligence,
after hearings held pursuant to the provisions of the
collective bargaining agreement between his union and
the employer. He had been warned on several occa-·
sions concerning the frequency and seriousness of the
accidents. The last accident, after hearing, was held
to be chargeable to him.

" 'Willful misconduct' is not defined in the statute, but this Court has held it to comprehend an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employe, or negligence indicating an intentional disregard of the employer's interest or of the employe's duties and obligations to the employer." *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 147, 141 A. 2d 410 (1958).

We have already decided the question presented by this case in a number of decisions, the most recent being the *Shirley Unemployment Compensation Case,* 198 Pa. Superior Ct. 296, 181 A. 2d 709 (1962), in which, although there was a number of chargeable accidents there was no record of hearings based on a labor agreement so that chargeability was decided by the testimony of the employer alone and so presented a somewhat weaker case than the instant one, where the claimant's fault was determined by a tribunal agreed to by him. However, in both instances, the employer was required to exercise the highest practical degree of care as a carrier of passengers, and the claimant was obliged to perform his duties in conformity to the employer's high legal responsibility. *Allen Unemployment Compensation Case,* 168 Pa. Superior Ct. 295, 77 A. 2d 889 (1951).

Decision affirmed.