Unempoyment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Betty Jean Wiggins, Appellant.

Argued January 9, 1976, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

*David A. Seales,* with him *Laurence D. Mass,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, February 9, 1976:

The question presented by this appeal is whether the action of appellant, for three years and 11 months a sales clerk in a department store, who knew the company policy requiring all sales to be recorded on the cash register, when she failed to comply with that policy and could not account for what she did with the money given to her by the purchaser, constituted willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P. S. §802(e). The Unemployment Compensation Board of Review has held unanimously that it does and disqualified appellant. We must affirm.

There is no substantial dispute on the facts. As part of its security program, the employer had a "customer" return a four-dollar item purchased from appellant and exchange it for a seven-dollar item, giving appellant the three dollars additional. Appellant did not record the second sale on the cash register, a procedure which she

knew was required by the employer's policy, and could not account for what she did with the three dollars. The employer had the burden of establishing these facts and did so with ease since appellant admitted them. The employer did not prove that appellant misappropriated the funds but, by the same token, appellant could not account for what she did with the money.

This case is a good example of why it is of vital importance to the employer to have a policy that all sales be recorded on the cash register. If appellant had had some other method of accounting for the money, we might have a different result. Here at best, and interpreting the testimony in the light most favorable to the appellant which we are not required to do since the Board has found against her, the appellant disregarded the policy of the employer and as a result, could not account for the employer's funds. Certainly this conduct falls within the line of cases recently illustrated by *Reider v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 211, 325 A.2d 347 (1974).

Appellant argues that if she is disqualified, then this case will stand for the propostion that any isolated or minor act of negligence or carelessness or a single failure to obey company rules must constitute willful misconduct. This is not correct. What we do hold is that when an employer has established a system for recording the receipt or expenditure of money and an employee, with knowledge that the employer's policy requires the use of the system and the employee not only does not comply with the policy but does not have any substitute for accounting for the funds, that conduct constitutes willful misconduct within the provisions of Section 402(e).

Accordingly, we enter the following

ORDER

Now, February 9, 1976, the order of the Unemployment Compensation Board of Review in the above matter is affirmed.