Ronald Joseph Conrad, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review , Respondent.

Argued June 8, 1978, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*John M. Leonard,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., August 15, 1978:

Ronald J. Conrad, Sr. (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits.

Claimant was last employed by Bergman's Dairy, Inc. (Employer). The referee found as fact that:

3. After being refused help with the route on September 2, 1976, claimant reported off sick and went home. His son called the employer on September 3, 1976, stating his father was sick and he did not know when he would be back.

4. When claimant failed to report to work by September 9, 1976, his employment was terminated by his employer.

5. Claimant presented no medical evidence to substantiate his claim of illness and inability to work during the period from September 2, to September 9, 1976.

Based upon these findings, the referee concluded Claimant was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Upon appeal to the Board, the referee's decision was upheld. We affirm.

Section 402(e) of the Act provides, in part, that:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to discharge or temporary suspension from work for willful misconduct connected with his work. . . .

Though not statutorily defined, willful misconduct as that term is used in Section 402(e) of the Act has

been judicially developed to encompass the wanton and willful disregard of an employer's interest, a deliberate violation of the employer's rules, a disregard of expected behavior standards or negligence manifesting culpability, wrongful intent, evil design or an intentional disregard of the employer's interest or the employee's obligations to the employer. *Serban v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 147, 370 A.2d 755 (1977). Claimant contends that the Board erred in upholding the referee's conclusion that Claimant failed to comply with company policy regarding the reporting of absences. Our careful scrutiny of the record convinces us that Claimant did commit a deliberate violation of Employer's rules disqualifying him from the receipt of benefits under Section 402(e) of the Act.

With respect to Employer's policy regarding absenteeism, the referee asked an Employer representative the following:

Q Are the workers advised in advance as to what their responsibility is?

A Oh, yes.

. . . .

Q If a person is [sic] just off one day due to illness, if it was [sic] necessary for them to be off a second day, are they required to report off?

A Yes. Because there is no way the man can make out a work schedule unless he knows.

Though this representative also indicated that it was unnecessary for an employee to report off daily in situations of *major illnesses*, it is clear from the record that neither Claimant nor anyone on his behalf informed Employer of the precise nature of Claimant's illness. Nor was Employer advised as to the approximate length of time during which Claimant

would be unable to resume his employment. Moreover, testimony of record indicates Claimant did not attempt to contact Employer from September 3 until subsequent to his receipt of Employer's notice of discharge. Claimant made no attempt during that period of time to present Employer, either personally or through another, with medical documentation to substantiate his illness, which an Employer representative testified was customary in cases of major illnesses. We conclude, therefore, that the Board did not err in affirming the referee's denial of benefits based upon Claimant's deliberate violation of company policy.

Accordingly, we

ORDER

AND Now, this 15th day of August, 1978, the decision of the Unemployment Compensation Board of Review is affirmed.