Etolia Dent, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 7, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Michael S. Bomstein,* for petitioner.

*William G. Dade,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, April 10, 1979:

Etolia Dent (claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision denying her benefits under Section 402(e) of the Unemployment Compensation Law,[1] on the ground that she had been discharged from her employment for willful misconduct.

Claimant was employed as a solderer by Ayden Monitor Systems from July 10, 1973 until discharged January 9, 1976 because of poor attendance.

The employer introduced testimony which established that (1) claimant had received an unsatisfactory attendance marking on her six-month evaluation report in August of 1975, and (2) claimant was on notice that her employer was dissatisfied with her attendance.

The relevant findings made by the Board state:

. . . .

2. The claimant was discharged for excessive absenteeism.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

3. The claimant had a record of excessive absenteeism and received numerous warnings concerning her absenteeism.

. . . .

5. The claimant was absent on January 5, 1976, and this absence precipitated the claimant's discharge.

6. The claimant was absent on January 5, 1976 because of a dental appointment. The claimant, however, did not inform the employer of her dental appointment.

We have held that failure to comply with an employer's policy regarding the reporting of absences may constitute willful misconduct under Section 402 (e). *Conrad v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 255, 389 A.2d 725 (1978).

Claimant argues on appeal that the Board erred in finding that she was absent on January 5, 1976 without informing her employer as required.

The Board weighed claimant's testimony that she notified her supervisor in advance that she would require the day off on January 5, to go to the dentist, and on that day called her supervisor, against the employer representative's testimony to the contrary, that there was no record that claimant called to report her absence on that day.

The fact that conflicting evidence is presented does not mean that there is no substantial evidence to support the eventual finding since it is the function of the Board, and not this Court, to resolve questions of credibility and conflicts in testimony.

*Martin v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 304, 306, 387 A.2d 998, 1000 (1978).

In this case the Board found more credible the testimony of the employer's representative than the evidence proffered by claimant. Because the employer's testimony constituted competent and substantial evidence, that decision is upheld.

We affirm the Board's denial of compensation on the ground that claimant's excessive absenteeism, coupled with her failure to notify her employer of the January 5th absence, constituted willful misconduct under the law.

ORDER

AND Now, this 10th day of April, 1979, the decision of the Unemployment Compensation Board of Review, No. B-137580-B, is affirmed.