Mary L. Reinhart, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 3, 1979, before Judges Crum-
lish, Jr., Blatt and Craig, sitting as a panel of three.

*Richard L. Levine*, with him, *John M. Grubor*, of
*Grubor, McAneny & Wolken*, for petitioner.

*David R. Confer*, Assistant Attorney General, with
him, *Richard Wagner*, Chief Counsel and *Edward G.
Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., January 28,
1980:

The Unemployment Compensation Board of Re-
view denied Mary L. Reinhart unemployment com-
pensation benefits pursuant to Section 402(e) of the
Unemployment Compensation Law which provides in
part that an employee shall be ineligible for compen-
sation for any week:

> (e) In which his unemployment is due to
> his discharge or temporary suspension from
> work for willful misconduct connected with his
> work.[1]

---

[1] Section 402(e) of the Unemployment Compensation Law,
Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as
amended*, 43 P.S. §802(e).

We affirm.

The record establishes that Reinhart was last employed by the Western Psychiatric Institute and Clinic in a management capacity; that on February 17, 1978, a strike was initiated by union employees at the facility; and that on February 27, 1978, claimant refused to cross the picket line and continue to report to work for the duration of the labor dispute due to alleged fear for her safety. Reinhart was indefinitely suspended on February 27, 1978, for violation of the employer's policies, insubordination and refusal to report to work as directed.

Reinhart raises two issues in her appeal to this Court:

First, that the findings of the Board are insufficient as a matter of law to permit denial of benefits under Section 402(e).

Willful misconduct has been defined as the wanton and willful disregard of the employer's interests, deliberate violation of employer's rules, or the disregard of standards of behavior which an employer has a right to expect of an employee. *Conrad v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 255, 389 A.2d 725 (1978); *Frick v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 198, 375 A.2d 879 (1977). Refusal to report to work as scheduled, particularly after having been directed to do so by the employer, may without more, constitute willful misconduct. *Bracy v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 173, 382 A.2d 1295 (1978). However, where the failure to report to work is due to a labor dispute, the issue is whether the employee's refusal to cross the picket line was voluntary or the result of coercive measures. *Unemployment Compensation Board of Review v. Tickle,* 19 Pa. Commonwealth Ct. 550, 339 A.2d 864 (1975).

We point out that for these claimants to be denied benefits they must be shown to be guilty of *willful misconduct which appears* to be contrary to the employer's interests. We cannot close our eyes to the possibility that during the emotional episodes which frequently accompany labor disputes . . . some workers may be subject to coercive measures which render their complicity with the strike less than truly voluntary. Unemployment Compensation Board of Review v. Tickle, 19 Pa. Commonwealth Ct. 550, 339 A.2d 864 (1975). (Emphasis in original.)

*Unemployment Compensation Board of Review v. National Aluminum Co.*, 22 Pa. Commonwealth Ct. 519, 522-23, 349 A.2d 527, 529 (1975).

The Board in the case *sub judice* found:

6. Other management employees, as well as those without management positions, reported to work daily during the stoppage.

7. The employer provided protection to the management employees by having campus police and, on occasions, city police on the grounds and at the picket lines.

8. During the course of the work stoppage, there were no incidents of personal harm done to anybody who crossed the picket line, or otherwise.

9. Although there were incidents of vandalism directed at the employee's cars, the employer made full restitution to those employees.

While, as Reinhart points out, there is no specific finding by the Board as to the voluntariness of her refusal to work, the only natural inference to be drawn from the Board's conclusions is that Reinhart failed to establish threats sufficient to induce a rea-

sonable fear of violence and that her refusal to report was voluntary,

Second, Reinhart contends that the record does not contain sufficient evidence to support the Board's findings. Suffice it to say that questions of credibility and the resolution of testimonial conflicts are for the fact finder and not this Court on review. After careful scrutiny of the record, we are satisfied that it contains ample evidence in support of the Board's findings of fact.

Accordingly, we

### ORDER

AND Now, this 28th day of January, 1980, the order of the Unemployment Compensation Board of Review denying benefits to Mary L. Reinhart under Section 402(e) of the Unemployment Compensation Law is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.