Frederick Kneisler, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 10, 1980, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Jerome Balter,* for petitioner.

*Steven Marcuse,* Assistant Attorney General, with him *James Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, June 6, 1980:

The Unemployment Compensation Board of Review (Board) denied Frederick Kneisler unemployment compensation benefits pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law which provides in part that an employee shall be ineligible for compensation for any week

> (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.[1]

We affirm.

The referee found that Kneisler was last employed by SEPTA as a bus operator; that during the course of his 2½ year employment he was involved in six different moving traffic accidents with company vehicles; that of the six accidents, one was unpreventable, one was preventable, and four were chargeable; that on October 24, 1977, Kneisler was suspended from his employment for five working days due to his in-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

volvement in a preventable accident; that he was cautioned any future accident would result in discharge; that Kneisler had been given company training on safety precautions and sent to defensive driving school; that after his last warning, Kneisler was involved in an accident on May 17, 1978, with a company bus; that this accident was due to his neglect and chargeable; and finally, he was discharged for the accident.

Kneisler raises two issues in his appeal.

First, that the record lacks sufficient evidence to support the Board's conclusion that the accident was due to Kneisler's neglect.

We disagree.

Kneisler testified that on the night of the last accident weather conditions were poor but that he continued to operate the bus at a rate of speed normal in dry, clear weather and was following closely the vehicle in front. Further, he was aware that buses often skid in wet weather. This is sufficient to conclude that the accident was caused by Kneisler's neglect.

Second, Kneisler argues that the findings of the Board are insufficient as a matter of law to deny benefits under Section 402(e).

Willful misconduct has been defined as the wanton and willful disregard of the employer's interests, deliberate violation of the employer's rules, or the disregard of standards of behavior which an employer has a right to expect of an employee. *Reinhart v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 102, 410 A.2d 401 (1979). A single dereliction or a minor act of negligence or carelessness does not constitute willful misconduct. *Schappe v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 249, 392 A.2d 353 (1978). However, where there is a series of accidents attributable

to negligence, occurring periodically and with constant regularity which produce financial loss to the employer, the employee is guilty of willful misconduct. *See Schappe, supra; Allen Unemployment Compensation Case,* 168 Pa. Superior Ct. 295, 77 A.2d 889 (1951).

Here, the Board found six separate accidents at least five of which were due in part to Kneisler's negligence. Further, the record demonstrates that these occurred after warnings and after a driver's safety course. The fact that six months lapsed without a recurring accident does not negate the regularity of their occurrence.

Nor has the employer failed to meet its burden because it did not show financial liability for the accidents. Suffice it to say that each accident caused the employer to delay the operation of the bus and opened the employer to the possibility of financial liability to injured parties. This is sufficient to demonstrate financial loss.

SEPTA, a common carrier, owes a duty to its passengers to exercise the highest degree of care, vigilence and precaution in their transportation practically consistent with the mode of transportation utilized. *Whitley v. Philadelphia Transportation Co.,* 211 Pa. Superior Ct. 288, 234 A.2d 922 (1967). Kneisler, as its employee, was obligated to perform his duties with special diligence in conformity with the measure of his employer's legal responsibilities. *Roth Unemployment Compensation Case,* 198 Pa. Superior Ct. 299, 181 A.2d 893 (1962). This he failed to do.

Accordingly, we

### Order

And Now, this 6th day of June, 1980, the order of the Unemployment Compensation Board of Review, No. B-169227 denying benefits to Frederick Kneisler, is affirmed.