Gregory Maxwell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 11, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, November 19, 1980:

Gregory Maxwell (claimant) as appealed from a decision under Section 402(e) of the Unemployment Compensation Law[1] which denied benefits on the ground of willful misconduct. We affirm.

Claimant was employed as a bus driver by South Eastern Transportation Association (SEPTA). He was discharged when he failed to report his absence at least four hours prior to the start of his shift, in compliance with the employer's rule. The Unemployment Compensation Board of Review (Board) found that Maxwell did not notify his employer of his illness until the following day and that Maxwell had received a prior suspension and final warning, before his discharge, to improve his attendance record.

Our scope of review of decisions of the Board, where, as here, the party with the burden of proof prevailed, is limited to questions of law and to a determination of whether the findings of the Board are supported by substantial evidence. *Condominium Corp. of Pennsylvania, Inc. v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 324, 398

---

[1] Act of December 5, 1936, Special Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

A.2d 1122 (1979). While many discrepancies exist between the testimony of SEPTA's representative and that of the claimant, the Board has the power to make findings of fact based upon the credibility of witnesses. *Dent v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 578, 399 A.2d 1168 (1979). In any event, claimant does not dispute that he failed to comply with the employer's rule requiring notification four hours prior to the start of a shift; rather, he asserts that he called in approximately one hour after the start of his shift. This court has repeatedly held that failure to report an illness in the proper manner under company rules does constitute willful misconduct justifying discharge and precluding recovery of benefits. *Gallagher v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 160, 378 A.2d 502 (1977); *Ferko v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 597, 309 A.2d 72 (1973). Furthermore, a prior suspension for unreported absence is an additional factor which may be considered by the Board in making a determination of willful misconduct. *Dudley v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 186, 387 A.2d 996 (1978).

Claimant contends that his conduct was justifiable, citing *Kindrew v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978). In *Kindrew*, however, the employer refused to excuse his employee's absence from work, regardless of whether the employee complied with the notification requirement.

Claimant further relies on *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976), to argue that SEPTA's notice rule was "unreasonable." *Frumento* stated that it may be necessary to look beyond the breach of the employer's rule in order to examine the employee's conduct in

light of all relevant circumstances. The employee in *Frumento* gave advance notice of his need to be absent from work, but the employer inflexibly refused the employee's request to be excused. In the instant case, claimant was not faced with a policy that refused to allow absence from work. Rather, the employer simply required notification of absences.

Claimant also protests the Board's finding that he had previously been reprimanded for his poor attendance record. He contends that this finding was issued on the basis of statements made by SEPTA's representative at the referee's hearing, without laying a proper foundation for the business record exception to the hearsay rule. This argument cannot bolster claimant's position since his failure to comply with the notification rule is dispositive of the case. We have frequently stated that this failure alone can constitute willful misconduct, even if not colored by past violations. *Donahue v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 139, 400 A.2d 251 (1979). However, the testimony in question falls squarely within the following guidelines, as set forth in *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976): "Hearsay evidence, *admitted without objection,* will be given its natural probative effect and may support a finding of the Board, *if it is corroborated by any competent evidence in the record,* but a finding of fact based *solely* on hearsay will not stand." (Citations omitted.) (Emphasis in original.) Since the introduction into evidence of claimant's past record was not objected to and this evidence was subsequently corroborated by his own testimony, the Board's finding on this issue was not improperly made. *Gonzalez v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 70, 395 A.2d 292 (1978).

Therefore, we enter the following

ORDER

AND Now, this 19th day of November, 1980, the order of the Unemployment Compensation Board of Review, dated February 6, 1979, denying benefits to Gregory Maxwell, is affirmed.