Margaret Vula, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Giant Eagle Markets, Inc., Intervenor.

Argued October 7, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*John J. Ross,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *Richard Lengler,* Intern, *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

*Jon Hogue, Titus, Marcus & Shapira,* for intervenor.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 4, 1982:

Margaret Vula appeals an Unemployment Compensation Board of Review order which denied her benefits. We affirm.

Vula was employed in the office of Giant Eagle Markets, Inc., where she was responsible for processing bottle refunds. She was discharged when she issued credit for $188.00 but only had credit slips to account for $33.00.

Our scope of review where the party with the burden of proof has prevailed below is limited to a determination of questions of law and whether the referee's findings of fact are supported by substantial evidence. *Maxwell v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 604, 423 A.2d 430 (1980).

The referee denied Vula benefits finding that her conduct constituted "willful misconduct" under Section 402(e) of the Unemployment Compensation Law.[1] We agree.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Vula was aware of the procedures employed when issuing refunds and acknowledged that she did not follow these procedures. An employer has the right to expect that its procedures will be followed, especially in accounting for funds. *Unemployment Compensation Board of Review v. Wiggins,* 23 Pa. Commonwealth Ct. 253, 351 A.2d 696 (1976). "A deliberate violation of an employer's rule constitutes willful misconduct; a single act of misconduct may constitute willful misconduct. . . ." *Lipfert v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 206, 208-09, 406 A.2d 251, 253 (1979).

Since Vula has failed to show good cause for violating her employer's rule, we conclude her actions constitute willful misconduct.

Affirmed.

### ORDER

The order of the Unemployment Compensation Board of Review, No. B-184538, dated May 30, 1980 is affirmed.

Judge PALLADINO did not participate in the decision in this case.