John Trout, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 3, 1982, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

478

·*Robert D. Flaherty*, for petitioner.

*Steven J. Neary*, Associate Counsel, with him, *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, March 29, 1982:

John Trout (Claimant) appeals here from a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits under Section 402(e) of the Unemployment Compensation Law[1] (Law), which disqualifies individuals discharged for willful misconduct.

At the time of his discharge, Claimant was employed as a truck driver. The reason given for his discharge was his involvement in three accidents in less than a year.

The facts of this case are not disputed. Claimant admitted that he was involved in the three accidents in question. In fact, he further testified that he was involved in other accidents not at issue here while he was driving his employer's truck. He stated: "there were some fender benders." Claimant's testimony concerning the three accidents tracks perfectly with the referee's findings of fact which were adopted by

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

the Board. Claimant's recitation of the facts is substantial evidence to support those findings. It is clear from the record that Claimant was negligent in discharging his duties[2] and that he had been warned of the consequences of his negligent conduct prior to his discharge.

Since we have determined that substantial evidence exists in the record as a whole to support the Board's findings, we must now resolve whether the referee and the Board were correct in concluding that three accidents in less than a year, which were the result of Claimant's negligence, and caused substantial damage to the Employer's property, is willful misconduct. We hold that Claimant's actions did constitute willful misconduct.

In *Coulter v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 462, 466, 332 A. 2d 876, 879 (1975) this Court stated that:

> A single dereliction or a minor and casual act of negligence or carelessness does not constitute willful misconduct. Rather, it is a series of accidents, attributable to negligence, occurring periodically and with consistent regularity, which produce substantial financial loss to the employer which will support the conclusion that an employee is guilty of willful misconduct.

As we held in *Schappe v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 249, 253-254, 392 A.2d 353, 356 (1978):

> Obviously, each case will have to be decided on its own facts, irrespective of the number of acci-

---

[2] In his defense, Claimant asserted that he did not purposely damage his Employer's property. Purposeful or intentional conduct is not a necessary element of negligence and as a result whether Claimant meant to cause damage is irrelevant. It is enough to support a finding of negligence that the Claimant substantially disregarded the Employer's interests. Clearly, this Claimant exhibited such substantial disregard.

dents involved. Here, the Claimant had a duty and obligation to preserve his employer's equipment. We must conclude that even though there were but two (2) accidents, they occurred within such a short interval of time and were so demonstrative of the Claimant's lack of care for his employer's equipment that they amounted to willful misconduct.

In the instant appeal as in *Schappe,* the Claimant's negligent driving exhibited total disregard for his Employer's equipment and such conduct amounts to willful misconduct making Claimant ineligible for unemployment compensation benefits.

Affirmed.

ORDER

AND Now, this 29th day of March, 1982, it is ordered that the order of the Unemployment Compensation Board of Review dated January 8, 1981 and numbered B-191260, is hereby affirmed.