Harry J. Woodrow, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 1, 1982, before President Judge CRUMLISH and Judges CRAIG and MACPHAIL, sitting as a panel of three.

*Harry J. Woodrow,* petitioner, for himself.

*Francine Ostrovsky,* Associate Counsel, with her *Paul A. Sneed,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, April 29, 1982:

Harry Woodrow appeals an Unemployment Compensation Board of Review order which denied him benefits. We affirm.

Woodrow, after receiving numerous verbal and written[1] warnings, was discharged from his 13-year job in General Electric's plant for violating two employer rules prohibiting intentional waste of time and absence from the workplace.

Our scope of review where the party with the burden of proof has prevailed below is limited to a determination of questions of law and whether the findings of fact are supported by substantial evidence. *Maxwell v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 604, 423 A.2d 430 (1980).

The Board denied Woodrow benefits finding that Woodrow's conduct constituted "willful misconduct" under Section 402(e) of the Unemployment Compensation Law.[2] We agree.

---

[1] The Board adopted the findings of fact made by the referee. These findings include evidence from Woodrow's employment record of written and verbal warnings and disciplinary furloughs for intentional waste of time and absence from the work area. While lending considerable credence to the Board's conclusion, these incidents would not be necessary to a finding of willful misconduct, as one incident may constitute willful misconduct that will preclude a claimant from receiving benefits. *Lipfert v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 206, 208-09, 406 A.2d 251, 253 (1979).

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

This Court has defined willful misconduct as:

the wanton and willful disregard of an employer's interest, a deliberate violation of rules, a disregard of expected behavior standards or negligence manifesting culpability, wrongful intent, evil design or intentional and substantial disregard of the employer's interests or the employe's duties and obligations.

*Serban v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 147, 150, 370 A.2d 755, 756 (1977).

Here, Woodrow argues that the referee ignored credible and competent testimony that he had not "intentionally" wasted time, but that it took unusually long to familiarize himself with his new position. He further contends that the referee ignored the fact that, because Westinghouse allowed its employees time to get coffee, make phone calls, etc., his absences from the workplace were not in violation of any company rule. Sadly for him, it is axiomatic that resolution of credibility is an issue for the referee. *Remaly v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 551, 423 A.2d 814 (1980).

Moreover, an employer has the right to expect that its policies will be followed. *Unemployment Compensation Board of Review v. Wiggins*, 23 Pa. Commonwealth Ct. 253, 351 A.2d 696 (1976). Woodrow's conduct amounted to willful misconduct.

The denial of benefits is affirmed.

### ORDER

The order of the Unemployment Compensation Board of Review, No. B-182414, dated March 26, 1980, is affirmed.

This decision was reached prior to the resignation of Judge MENCER.