Bernard Fortna, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 3, 1984, to Judges MacPhail, Doyle and Blatt, sitting as a panel of three.

*Richard A. Katz,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

136

This is an appeal by Bernard W. Fortna (Claimant) of a decision and order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits.

Claimant was employed as a welder by Champion Blower Forge, Inc. (Employer). On August 24, 1982, Claimant was discharged as a result of an incident in which he improperly restarted the electronic burning machine he was operating and damaged the machine, resulting in a loss to the Employer of approximately $60,000.

Claimant was denied benefits by the Office of Employment Security (OES) and, following a hearing, a referee affirmed the OES determination that Claimant had been discharged for willful misconduct and was therefore ineligible under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). On appeal, the Board affirmed and petition for review by this Court followed.

Before this Court, Claimant argues that the Board erred as a matter of law[1] in determining that his action rose to the level of willful misconduct and in failing to consider Claimant's justification or cause for his action in light of the circumstances.

We have held that negligence can constitute willful misconduct if it "demonstrate[s] 'manifest culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interest *or the employee's duties and obligations.'* " *Schappe v. Unemployment Compensation Board of Review*, 38 Pa.

---

[1] Our review is to determine whether an error of law was committed or whether findings of fact are supported by substantial evidence. *Saxton v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 636, 455 A.2d 765 (1983).

Commonwealth Ct. 249, 253, 392 A.2d 353, 355-56 (1978) (quoting *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973)) (emphasis added in *Schappe*). And while we have held that a single negligent act is insufficient to constitute willful misconduct, *see Kneisler v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 70, 418 A.2d 774 (1980); *Schappe,* our case law emphasizes that each case is unique, irrespective of the number of accidents. *See Trout v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 477, 442 A.2d 1209 (1982); *Ingram v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 496, 408 A.2d 570 (1979); *Schappe.*

The record in the case at bar indicates that Claimant was adequately instructed in the proper start-up procedures for the burning machine and had previously been warned about carelessness in his operation of the machine. The record amply supports the conclusion that Claimant was negligent and that his negligence was indicative of a disregard for the Employer's interest and his own responsibility for the proper operation of the machine. The Board committed no error of law.

Nor did the Board err in failing to specifically dismiss Claimant's averment of justification for his action. Our case law instructs that when a claimant does demonstrate justification or good cause for conduct otherwise violative of the employer's interest, that conduct will not constitute willful misconduct. *Bailey v. Unemployment Compensation Board of Review,* 72 Pa. Commonwealth Ct. 293, 457 A.2d 147 (1983); *Stauffer v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 569, 455 A.2d 300 (1983). And in such circumstances, we have required

the Board to examine and make findings of fact on the reasonableness of the claimant's conduct. *See Brillhart v. Unemployment Compensation Board of Review*, 67 Pa. Commonwealth Ct. 437, 447 A.2d 697 (1982).

In the case *sub judice,* however, the Board's examination of the reasonableness of Claimant's behavior is subsumed in its analysis of whether his conduct was negligent. Before it reached a conclusion that Claimant's action showed disregard for the Employer's interest, the Board necessarily first determined that his conduct had been unreasonable under the circumstances, *i.e.* negligent. In cases where the offending conduct alleged is negligence, consideration of a claimant's justification or good cause may be encompassed in the Board's analysis of whether the employer has met his burden to show that the conduct *was* negligent and rose to the level of willful misconduct.

ORDER

Now, March 26, 1984, the decision and order of the Unemployment Compensation Board of Review in the referenced matter, No. B-213919, dated January 24, 1983, is hereby affirmed.