Rebecca A. Floyd, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 15, 1985, to Judges MacPhail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*Stephen K. Portko, Hoffmeyer & Semmelman,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by Judge Blatt, February 5, 1986:

Rebecca A. Floyd petitions for review of the order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits on grounds of willful misconduct.[1]

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), provides for the ineligibility of an individual who is discharged for work-related willful misconduct.

The referee's findings of fact,[2] adopted by the Board, are as follows:

1. Claimant was last employed by Rutter's Farm Store as a clerk at a last pay rate of $3.45 per hour. She started her employment in October, 1982, and her last day of work was August 26, 1983.

2. The claimant was discharged by the employer because she violated a company rule regarding ringing up transactions.

3. On August 8, 1983, the employer held a store meeting with the claimant and all employees where the severe problems in the store regarding cash and inventory shortages were discussed.

4. The employer emphasized the importance of completing all transactions and warned the employees that they would be discharged if transactions were not completed.

5. The claimant has a $400 transaction in May which had not been completed and at that time, the employer counselled her on the importance of completing all transactions.

---

[2] Floyd alleges several errors in the referee's fact-finding, and, with regard to averments of factual errors, we are guided by the following statement of our Supreme Court:

It is now axiomatic in an unemployment compensation case, that the findings of fact made by the Board, or by the referee as the case may be, are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. . . . The appellate court's duty is to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists.

Taylor v. Unemployment Compensation Board of Review, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977) (citations omitted).

6. On claimant's last shift of work, she had a $300 transaction which she did not complete.

7. As a result, claimant was discharged.

The petitioner contends that the Board erred legally in reaching a conclusion of willful misconduct[3] and argues that her failures to adhere to the company rule were due to negligence such as cannot be held to be willful misconduct, and, in the alternative, that her rule violations, if not negligent, were with good cause requiring specific findings thereon. The Board responds that her negligent conduct does meet the test of willful misconduct set forth in *Schappe v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 249, 392 A.2d 353 (1978) (two accidents by a truck driver within thirty days of each other, resulting in losses to the employer of $500 and $700 and which were attributable to the driver's negligence demonstrated his lack of care for the employer's equipment and supported the legal conclusion of willful misconduct). The Board submits further that, inasmuch as the type of conduct involved here is negligence, it was not required to make separate findings of fact on good cause, citing *Fortna v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 135, 472 A.2d 1197 (1984) (examination of reasonableness of employer's behavior may be encompassed in Board's analysis of whether or not the conduct was negligent).

---

[3] Whether or not an employee's actions constitute willful misconduct is a question of law subject to review. *McLean v. Unemployment Compensation Board of Review*, 476 Pa. 617, 383 A.2d 533 (1978). Noncompliance with an employer directive can be willful misconduct. *Simpson v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 120, 450 A.2d 305 (1982). The employer bears the burden of proving willful misconduct; however, if an employee attempts to establish good cause for such conduct, that burden is on the employee. *Westmoreland County Commissioners v. Unemployment Compensation Board of Review*, 82 Pa. Commonwealth Ct. 313, 475 A.2d 170 (1984).

Unfortunately, while we agree with the Board that, if the noncompliance charged was due to negligence, findings on good cause would not have been necessary under *Fortna,* we are unable to resolve the legal questions presented here. As can readily be seen in the above-listed findings, the referee made no direct or indirect finding as to whether or not noncompliance with her company's rule was due to the petitioner's negligence, and if not, as to whether or not she had good cause for her actions, despite the presence of evidence in the record from which, if accepted as credible, such determinations could have been made. In appellate review, we are unable to fill this factual void and must consequently remand so that the Board may cure these deficiencies. *Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975).

Accordingly, we will remand this matter to the Board so that it may make the necessary findings of fact as to whether or not Floyd's noncompliance was negligent and, if not, as to whether or not she had good cause for her noncompliance.

### ORDER

AND Now, this 5th day of February, 1986, the order of the Unemployment Compensation Board of Review, Decision No. B-226418, is vacated and this matter is remanded to the Board for further proceedings consistent with this Opinion.

Jurisdiction relinquished.