# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Krawetz, : 
 Petitioner : 
 : 
 v. : No. 302 C.D. 2015
 : SUBMITTED: July 17, 2015
Unemployment Compensation : 
Board of Review, : 
 Respondent : 


BEFORE: **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
 **HONORABLE ROBERT SIMPSON,** Judge
 **HONORABLE JAMES GARDNER COLINS,** Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER** **FILED: November 3, 2015**


Claimant, Joseph Krawetz, petitions *pro se* for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed the decision of a referee denying him unemployment compensation benefits, concluding that his tardiness constituted willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

From November 2002 to August 2014, Claimant worked full-time as a yard attendant for Employer Cleveland Brothers Equipment at a final hourly rate of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

$14.00. Referee's September 30, 2014 Decision, Findings of Fact (F.F.) Nos. 1-3. Claimant had a history of tardiness and Employer had previously warned him about it and imposed a one-day suspension. *Id.*, No. 9. On August 1, 2014, Claimant arrived at work at 8:30 a.m., one and one-half hours after his 7:00 a.m. start time. His alleged reason for this latest instance of tardiness was that he simply overslept. *Id.*, Nos. 5-8. Employer discharged Claimant on August 6 due to his tardiness. *Id.*, Nos. 3 and 4. Claimant applied for unemployment compensation benefits and the Scranton UC Service Center determined that he was ineligible. Claimant appealed and the referee held a September 2014 hearing where only Claimant appeared.[2]

At the hearing, Claimant testified that he overslept due to taking a muscle-relaxing medication. He did not, however, provide a doctor's note or a copy of his prescription. In addition, his testimony contradicted his Internet Initial Claims form, where he averred that he simply overslept and did not appear until an hour and a half after his scheduled start time. *Id.* at 2. When the referee asked Claimant about his failure to mention the prescription medication on the claims form, Claimant responded: "I really didn't think about it, you know, when I was filling out the internet form." Certified Record (C.R.), Item No. 10, September 29, 2014 Hearing, Notes of Testimony (N.T.) at 5. In considering the contradiction in his explanations, the referee determined that the claims form was more accurate than Claimant's subsequent testimony. Referee's September 30, 2014 Decision at 2. Accordingly, noting Claimant's acknowledgement at the hearing that he filled

---

[2] The record reflects that the referee denied Employer's request to participate in the hearing by telephone. Certified Record (C.R.), Item Nos. 9 and 10, Employer's Request to Testify via Phone and September 29, 2014 Hearing, Notes of Testimony (N.T.) at 2.

out the claims form and that Employer had previously warned him about attendance and tardiness, the referee determined that willful misconduct was established. Further, he concluded that Claimant failed to show good cause for his latest episode of tardiness. Claimant appealed to the Board, which affirmed based on the entire record. Adopting and incorporating the referee's findings and conclusions, the Board also specifically "discredit[ed] the claimant's testimony that he overslept due to taking a muscle relaxing medication." Board's January 27, 2015 Decision at 1. Claimant's petition for review followed.

Section 402(e) provides, in pertinent part, that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ." The term "willful misconduct" has been defined to include: 1) the wanton and willful disregard of the employer's interests; 2) the deliberate violation of rules; and 3) the disregard of standards of behavior which an employer can rightfully expect of its employee. *Glatfelter Barber Shop v. Unemployment Comp. Bd. of Review*, 957 A.2d 786, 792 (Pa. Cmwlth. 2008). Once an employer satisfies its *prima facie* case, the burden shifts to the claimant to demonstrate good cause for his conduct. *Yost v. Unemployment Comp. Bd. of Review*, 42 A.3d 1158, 1162 (Pa. Cmwlth. 2012). The claimant has good cause if his action "is justifiable or reasonable under the circumstances." *Frumento v. Unemployment Comp. Bd. of Review*, 351 A.2d 631, 634 (Pa. 1976).

In addition, even in the absence of a detailed termination policy regarding tardiness or specific notice that the next instance will result in discharge, tardiness may constitute willful misconduct where it is habitual and an employee is provided with notice that future episodes are unacceptable. *Ellis v. Unemployment*

*Comp. Bd. of Review*, 59 A.3d 1159, 1163 (Pa. Cmwlth. 2013). An employer has a right to expect that its employees report to work when scheduled and arrive on time. *Id*. Further, notwithstanding an employer's absence at the referee's hearing, a claimant may, by his own testimony, meet an employer's burden of establishing willful misconduct. *Moore v. Unemployment Comp. Bd. of Review*, 578 A.2d 606, 608-09 (Pa. Cmwlth. 1990).

In the present case, the Board determined that Claimant's conduct constituted willful misconduct where his claim form contradicted his testimony at the hearing, he failed to bring a doctor's note or a prescription to the hearing, his testimony that he overslept due to the medication was discredited and he acknowledged Employer's previous warnings and disciplinary action from earlier episodes of tardiness. We agree and, therefore, conclude that the record supports a legal determination of willful misconduct.[3] We turn now to Claimant's arguments regarding his alleged good cause for his tardiness.

Claimant maintains that he had good cause for his tardiness, alleging as follows: 1) after twelve years of employment, he had only three episodes of tardiness; 2) Employer's failure to appear at the hearing prevented him from establishing that other employees were tardy with no repercussions; 3) after being prescribed medication, he took the proper steps to notify Employer; 4) he was unfamiliar with filing an online application for unemployment compensation benefits, thus explaining his failure to include his medication on the claims form as an excuse for his tardiness; and 5) he cured his failure to include the medication on

---

[3] Whether a claimant's actions constitute willful misconduct is a question of law over which we exercise plenary review. *Yost v. Unemployment Comp. Bd. of Review*, 42 A.3d 1158, 1162 (Pa. Cmwlth. 2012).

4

the claims form by raising it at the hearing and by attaching what purports to be a doctor's note and information regarding a prescription medication as appendices to his appellate brief. Claimant's arguments are without merit.

Regarding the alleged number of times that Claimant was tardy for work, we note that even a single, knowing violation of a known work rule may be sufficient to constitute willful misconduct. *Maxwell v. Unemployment Comp. Bd. of Review*, 423 A.2d 430, 432 (Pa. Cmwlth. 1980). Here, the record reflects that Claimant admitted that he had been late at least three times and that Employer had reprimanded him with a write-up. Claimant's Brief at 8 and C.R., Item No. 10, September 29, 2014 Hearing, N.T. at 5. Employer's documentation is consistent with Claimant's acknowledgement, reflecting that it had issued previous warnings and imposed a one-day suspension in April 2014. C.R., Item No. 3, Employer Separation Information.[4]

Further, notwithstanding Employer's absence at the hearing, Claimant had the burden to prove that Employer had been selectively applying its tardiness rule. *See Geisinger Health Plan v. Unemployment Comp. Bd. of Review*, 964 A.2d 970, 974 (Pa. Cmwlth. 2009) (disparate treatment of employees who engaged in similar conduct is an affirmative defense for claimants who have engaged in willful misconduct). At the end of the hearing, however, Claimant advised the referee that he had no other witnesses and did not ask for a continuance in order to secure the testimony of any witnesses regarding disparate treatment. C.R., Item No. 10, September 29, 2014 Hearing, N.T. at 7.

---

[4] At the September 29, 2014 hearing, the referee admitted Employer's separation information into evidence without objection.

As for any proper steps that Claimant may have taken to notify Employer that he was on medication, such notification, without more, does not vitiate Claimant's violation of a known work rule or constitute good cause for violation of that rule. In that regard, we emphasize that the Board rejected as not credible Claimant's testimony that he overslept due to taking a muscle-relaxing medication. Instead, the Board adopted the referee's finding that the reason that Claimant proffered on his claims form, that he simply overslept, was the more accurate explanation for his tardiness. The Board is the ultimate fact finder, "empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine the weight to be accorded evidence." *Oliver v. Unemployment Comp. Bd. of Review*, 5 A.3d 432, 438 (Pa. Cmwlth. 2010). Accordingly, we cannot disturb its credibility determination on appeal. *Id*.

Moreover, regarding his unfamiliarity with filling out the online claim form as a justification for not including his medication as an excuse for his tardiness, we note Claimant's statement at the hearing to the effect that he simply did not consider it when filling out the form. Unfamiliarity with filling out a form is somewhat different than simply not thinking of something when filling out a form. In any event, the Board weighed the conflicting evidence regarding Claimant's reason for his tardiness and found the form to be more accurate than his subsequent self-serving testimony at the hearing. As noted, it is within the Board's purview to resolve conflicts in evidence and to determine the weight to be attributed to it. *Id*.

Finally, Claimant's attempt to cure his failure to include on his claims form a reference to any alleged medication as an excuse for his tardiness also must fail. Regarding Claimant's failure to bring items in support of his position to

6

hearing, the referee stated: "Well, sir, today's the date, time and place of the hearing." C.R., Item No. 10, September 29, 2014 Hearing, N.T. at 5. The referee further commented that Claimant had two weeks' notice of the hearing date. *Id.* In any event, Claimant's attachments to his appellate brief are *dehors* the certified record and we may not consider them on appeal. *Croft v. Unemployment Comp. Bd. of Review*, 662 A.2d 24, 28 (Pa. Cmwlth. 1995).

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Joseph Krawetz,                                     :
                          Petitioner     :
                                                    :
             v.                           :     No. 302 C.D. 2015
                                                    :
Unemployment Compensation               :
Board of Review,                          :
                          Respondent    :

# **O R D E R**

AND NOW, this 3rd day of November, 2015, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge